IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:17-cr-00198-004

RALPH WHITE

### UNITED STATES RESPONSE TO DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE

Defendant Ralph White moves the Court for an order directing his immediate release from the Federal Correctional Institution in Elkton to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (2018). Because defendant has failed to meet the statutory requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i); because defendant fails to show that concerns about the spread of COVID-19, without other factors, present extraordinary and compelling reasons that warrant modification of his sentence and immediate release from custody; and because the Court has no authority to direct the Bureau of Prisons (hereinafter "BOP") to place defendant in home confinement, his motion should be denied.

On June 18, 2018, this Court sentenced defendant to a term of 60 months imprisonment followed by a 3 year term of supervised release. Defendant is currently serving that sentence at FCI Elkton. He has served approximately 29 months incarceration according to the BOP. Defendant argues that his release to home confinement is appropriate because he does not want to be exposed to the COVID-19.

Defendant's motion is brought under the compassionate release provision of 18 U.S.C. § 3582(c) (1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence after exhausting administrative remedies or waiting 30 days after the warden's receipt of a request. 18 U.S.C. § 3582(c)(1)(A)(i) now provides that the Court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," after considering the applicable factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

### I. This Court Should Deny the Motion Because Defendant has not Exhausted Administrative Remedies

The defendant admits that he has not exhausted his administrative remedies with the BOP. In fact, in his motion he admits that he has not met the technical requirements but asserts that he would be prejudiced if he had to exhaust his administrative remedies and was exposed to the virus during the process. Instead of seeking the appropriate administrative remedies, defendant filed the instant motion seeking immediate release. Defendant's motion fails to address the administrative procedures being undertaken at FCI Elkton to prevent the introduction of COVID-19 into the prison. In light of the COVID-19 pandemic, the BOP has instituted procedures to protect the staff and inmate population at the jail. The following are some of those procedures:

1. All newly-arriving BOP inmates are screened for COVID-19 exposure risk factors and symptoms:
    a. Asymptomatic inmates with exposure risk factors are quarantined; and
    b. Symptomatic inmates with exposure risk factors will be isolated and tested for COVID-19 per local health authority protocols.

2. Enhanced health screening of staff was implemented in areas with "sustained community transmission" and at medical referral centers. Sustained community transmission is determined by the CDC and will be indicated on the map on the CDC's resource page where state community transmission indicates "Yes." Such screening includes self-reporting and temperature checks for 30 days, at which time the process will be reevaluated.

3. Inmates have been educated by staff, with continued education, about how to prevent the spread of COVID-19, maintaining good sanitation, and social distancing.

4. BOP implemented modified operations to maximize social distancing in their facilities, as much as practicable. Such actions included staggered meal times and staggered recreation times, for example, in order to limit congregate gatherings.

5. Movement in the prisons has been restricted including no visitation, no tours, no volunteers, and no official travel.

Additionally, Attorney General Barr has directed the BOP to increase the use of home confinement to move the most vulnerable inmates out of the most affected facilities. Consistent with that directive, the BOP began reviewing all inmates who have COVID-19 risk factors, as described by the Center for Disease Control (CDC), to determine which inmates are suitable for home confinement. Since the release of the Attorney General's original memo to the BOP on March 26, 2020 instructing it to prioritize home confinement as an appropriate response to the COVID-19 pandemic, the BOP has placed an additional 2,144 inmates on home confinement; an increase of 75.1 percent. *See https://www.bop.gov/coronavirus/index.jsp*.

Defendant's case is similar to the case of *United States v. Eberhart*, Case No. 13-cr-00313-PJH-1, Dkt. No. 64, 2020 WL 1450745 (N.D. Cal. Mar. 25, 2020), where the district court denied defendant's request for immediate compassionate release from his five-month supervised release revocation sentence upon a finding that defendant failed to demonstrate the futility of pursuing administrative remedies to excuse his failure to exhaust, or even seek administrative remedies at all, "in light of the government's demonstration that Santa Rita Jail authorities have implemented an outbreak control plan, and defendant's concessions that no COVID-19 cases have yet been reported at Santa Rita Jail where he is incarcerated" *Eberhart*, 2020 WL 1450745 at *2 (citing *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012)) (waiving exhaustion requirement for § 2241 habeas petition to change restitution payment schedule as futile where denial of relief was based on official BOP policy). Because defendant has not satisfied the exhaustion requirement, this Court lacks authority to grant relief under 18 U.S.C. § 3582(c)(1)(A)(i).

Moreover, defendant has failed to show that concerns about the potential spread of COVID-19, without other factors to consider in his particular case, present extraordinary and compelling reasons that warrant modification of his sentence and immediate release from custody. Pursuant to 18 U.S.C. § 3582(c)(1)(A), a reduction of sentence under this provision should be "consistent with applicable policy statements issued by the Sentencing Commission." General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, USSG §1B1.13, otherwise, every incarcerated person would be entitled to compassionate release.

The relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG §1B1.13, cmt. n. 1(A).

Defendant is 39 years old and at the time of his sentencing reported that he was in excellent physical health and had no underlying health issues. In his motion, he indicates he has developed hepatitis that will compromise his immune system. His request is based on his fear of possibly being exposed to COVID-19 in the facility. Based on this information, defendant does not fall within the class of individuals who are at risk for serious illness if exposed to COVID-19 as defined by the CDC.[1] Defendant does not assert that his current physical condition is substantially diminished and he is unable to provide self-care within the environment of FCI Elkton. This is not a case where the defendant's health is such that he is confined in bed, or a wheelchair, or other limiting medical circumstance. Defendant is capable of physically taking care of himself and his physical condition has not substantially diminished since the imposition of his sentence on June 18, 2018, when this Court sentenced him to 60 months imprisonment.

---

[1] The CDC defines at risk individuals as those (1) older than 65; (2) those who live in a nursing or long-term care facility; and (3) persons of any age who have underlying medical conditions, particularly if not well controlled. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

As stated above, the BOP is taking measures to protect inmates and staff from COVID-19. There is no allegation by the defendant that he is unable to perform self-care, preventive measures within the confines of the institution to lower his own risk of exposure. The BOP has taken necessary and precautionary actions to prevent COVID-19 from being introduced into the FCI Elkton. There is absolutely no indication that defendant cannot take necessary and precautionary action within the confines of the prison to lower his risk of exposure.

Defendant is asking this Court to immediately release him to home confinement to complete his over 20 months because of his fear of exposure. The COVID-19 pandemic poses extraordinary challenges for individuals, the criminal justice system, and for every institution that is charged with the housing and oversight of inmates. However, releasing defendants from custody out of fear of possible exposure without more, when those charged with their care have taken and continue to take the necessary precautionary measures, opens the flood gates to motions such as the defendant's motion and that is not the intent or purpose of 18 U.S.C. § 3582(c)(1)(A)(i).

## II. This Court Lacks Authority to Direct the BOP to Place Defendant in Home Confinement.

Defendant has asked that this Court order BOP to immediately place him on home confinement. That request should be denied because this Court lacks authority to direct BOP to place a defendant in home confinement. Rather, such designation decisions are committed solely to BOP's discretion.

Once a sentence is imposed, BOP is solely responsible for determining an inmate's place of incarceration. *See* 18 U.S.C. § 3621(b); *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). A court has no authority to designate a prisoner's place of incarceration. *United States*

*v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993). Because the defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request.

For the reasons stated above, the United States respectfully requests the Court to deny defendant's emergency motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

        Respectfully submitted,

        MICHAEL B. STUART
        United States Attorney

        /s/ John J. Frail
        JOHN J. FRAIL
        Assistant United States Attorney
        WV Bar No. 1265
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone:  304-345-2200
        Fax: 304-347-5104
        Email:  john.frail@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "United States Response to Defendant's Emergency Motion for Compassionate Release" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 15th day of May, 2020, to:

.

        John H. Tinney, Jr., Esquire
        Hendrickson & Long
        Post Office Box 11070
        Charleston, West Virginia 25339
        Email: jtinney@handl.com


        /s/ John J. Frail
        JOHN J. FRAIL
        Assistant United States Attorney
        WV Bar No. 1265
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone: 304-345-2200
        Fax: 304-347-5104
        Email: john.frail@usdoj.gov